IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

TRAVIS W. RICHARDS,

        Plaintiff,

vs.                              **Case No. 08-4123-RDR**

LISA WINKLER, M.D.;
LEAWOOD FAMILY CARE, P.A.,
d/b/a LEAWOOD URGENT CARE,

        Defendants.

**MEMORANDUM AND ORDER**

This is a diversity action. This matter is presently before the court upon the motion of defendant Leawood Family Care, P.A., d/b/a Leawood Urgent Care (LFC) for summary judgment. Having carefully reviewed the argument of the parties, the court is now prepared to rule.

I.

Plaintiff filed his complaint on October 22, 2008. In his complaint, he alleged that defendant, Lisa Winkler, M.D., was negligent in her medical treatment of him. He further alleged that defendant LFC was vicariously liable to plaintiff for the alleged negligence of defendant Winkler. Defendant LFC filed a motion to dismiss on November 11, 2008. In it, LFC argued that plaintiff's claim against it was precluded by K.S.A. 40-3403(h), which provides as follows:

> A health care provider who is qualified for coverage under the fund shall have no vicarious liability or

> responsibility for any injury or death arising out of the rendering of or the failure to render professional services inside or outside this state by any other health care provider who is also qualified for coverage under the fund. The provisions of this subsection shall apply to all claims filed on or after July 1, 1986.

LFC later provided documentation that (1) it was a licensed health care provider group at the time of the alleged negligence and was covered by the Kansas Health Care Stabilization Fund (Fund); and (2) Dr. Winkler was licensed to practice medicine in Kansas and was also qualified under the Fund.  The court subsequently determined that LFC's motion should be converted to a motion for summary judgment because materials outside the pleadings had to be considered to resolve it.  The court established a revised briefing schedule to allow the parties to raise any additional arguments. Plaintiff has since filed a response and LFC has filed a reply.

In its response, plaintiff has spent little time addressing the issues raised by LFC in its motion.  Rather, plaintiff has suggested that LFC has failed to comply with the requirements of D.Kan. Rule 56.1.

The court finds no merit to plaintiff's contention that LFC failed to comply with the procedural requirements of Rule 56.1. The court could have directed LFC to file an amended motion for summary judgment, but we found it unnecessary due to the factual circumstances that were present.  The issues here concerning the application of K.S.A. 40-3403(h) were simple and were understood by both parties.  The court did not believe that compliance with Rule

2

56.1 was needed, and plaintiff has certainly failed to persuade the court otherwise.

## II.

The court shall proceed to consider LFC's motion for summary judgment. Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." Id. An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Id.

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Id. at 670-71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. Id. at 671.

Once the movant has met this initial burden, the burden shifts

to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. <u>Id</u>. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." <u>Adler</u>, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." <u>Id</u>.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." <u>Celotex v. Catrett</u>, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1).

                              III.

LFC has presented the court with evidence showing that plaintiff's vicarious liability claim against it is precluded by K.S.A. 40-3403(h). <u>See</u> <u>Bair v. Peck</u>, 248 Kan. 811 P.2d 1176 (1991). LFC has established that it was a licensed health care provider group at the time of the alleged negligence and was covered by the Fund, and Dr. Winkler was licensed to practice medicine in Kansas and was also qualified under the Fund. In response to LFC's original motion to dismiss, plaintiff had

to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. <u>Id</u>. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." <u>Adler</u>, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." <u>Id</u>.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." <u>Celotex v. Catrett</u>, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1).

III.

LFC has presented the court with evidence showing that plaintiff's vicarious liability claim against it is precluded by K.S.A. 40-3403(h). <u>See</u> <u>Bair v. Peck</u>, 248 Kan. 811 P.2d 1176 (1991). LFC has established that it was a licensed health care provider group at the time of the alleged negligence and was covered by the Fund, and Dr. Winkler was licensed to practice medicine in Kansas and was also qualified under the Fund. In response to LFC's original motion to dismiss, plaintiff had

asserted that LFC had failed to demonstrate that Dr. Winkler and it were covered by the Fund in 2007, when the treatment at issue was provided.  LFC explained that the policies provided to the court were "claims made" policies rather than "occurrence" policies. Thus, LFC noted that the significance was the date that the claim was made, not the date that the conduct at issue occurred.  The court agrees with the explanation offered by LFC.  The policies provided by LFC clearly demonstrate that Dr. Winkler and LFC were covered by the Fund.  Plaintiff has failed to come forward with any specific facts showing that there is a genuine issue for trial. Accordingly, the court finds that LFC is entitled to summary judgment on plaintiff's claim against it.

**IT IS THEREFORE ORDERED** that defendant Leawood Family Care, P.A.'s motion to dismiss (Doc. # 5), which the court has converted to a motion for summary judgment, be hereby granted.  Judgment shall be entered for Leawood Family Care, P.A., and against plaintiff.

**IT IS SO ORDERED.**

Dated this 9th day of March, 2009 at Topeka, Kansas.

                              s/Richard D. Rogers
                              United States District Judge